UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

YADI MARK,
an individual,

       Plaintiff,

vs.

DIAMOND PROPERTIES NORTHSHORE LLC

       Defendant.

---

CASE NO.:

Judge:

Magistrate:

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, YADI MARK, by and through her undersigned counsel, hereby files this Complaint and sues DIAMOND PROPERTIES NORTHSHORE LLC (hereinafter "DEFENDANT") for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, YADI MARK, (hereinafter referred to as "MS. MARK"), is a resident of St.

Tammany Parish, Louisiana. MS. MARK lives in Covington, Louisiana.

4. MS. MARK is a qualified individual with a disability under the ADA. MS. MARK sustained paraplegia as a result of a spinal cord injury.

5. Due to her disability, MS. MARK is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and having the domicile of 3520 N. Hullen St., Metairie, Louisiana 70002.

7. Upon information and belief, DEFENDANT is doing business in St. Tammany Parish and owns immovable property in St. Tammany Parish.

8. Upon information and belief, DEFENDANT is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: a shopping center generally located at 3377 Highway 190, Mandeville, Louisiana 70471 (hereinafter referred to as "the Property").

9. The Property is a shopping center with tenants including Dollar Tree, RadioShack, and Party City, among others.

10. DEFENDANT is obligated to comply with the ADA.

11. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, St. Tammany Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MS. MARK realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located at: 3377 Highway 190, Mandeville, Louisiana 70471.

14. Upon information and belief, MS. MARK has visited the Property in the past regularly due to its proximity to her home, and desires to visit the Property again in the near future.

15. MS. MARK lives only approximately two miles from the Property.

16. As a result of the barriers discussed below, MS. MARK experienced serious difficulty accessing the goods and utilizing the services offered at the Property.

17. MS. MARK continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 21 which still exist.

18. MS. MARK intends on returning to the Property to patronize the stores and restaurants located thereon.

19. Additionally, MS. MARK intends on returning to the Property to see whether the barriers to access which are the subject of this suit have been remedied.

20. MS. MARK intends to and will visit the Property to utilize the goods and services in the future, but fears that she will encounter the same barriers to access which are the subjects of this action.

21. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS

ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A. The required striping at the accessible-designated parking spaces is noncompliant and faded;

B. There is a built-up curb ramp in the access aisle at one of the accessible-designated parking spaces;

C. There are curb ramps that do not have the required edge protection;

D. There is impermissibly high cross slope at the promenade at the Property;

E. The accessible-designated parking spaces are missing the required vertical signage;

F. Some of the accessible-designated parking spaces do not have the required access aisles;

G. Many of the curb cuts at the Property are cracked and broken, creating an impermissible change in the ground surface level; many curb cuts also have side flairs that are too steep;

H. There are non-level landing spaces in front of several of the tenant space entrances at the Property;

I. Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

24. Upon information and belief, removal of the barriers to access located on the Property would provide MS. MARK with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

25. Independent of her intent to return as a patron to the Property, MS. MARK additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

26. MS. MARK has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. MARK is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. MARK demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

   A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

   B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

   C. That this Court award reasonable attorneys' fees, costs (including expert fees), and

        other expenses of suit, to MS. MARK; and

D.        That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Amanda K. Klevorn (LA # 35193)
aklevorn@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Amanda K. Klevorn
    Amanda K. Klevorn